IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS II, | Cause No. CV 25-18-BLG-BMM |
| Plaintiff, | |
| vs. | ORDER |
| HONORABLE DANA L. CHRISTENSEN, | |
| Defendant. | |

Plaintiff Alexandre Zdenek Davis II filed a *Bivens* Complaint related to his current conviction and incarceration. (Doc. 2.) The filing is more appropriately characterized as an appeal of his recent sentence in a criminal matter in the District. The Complaint will be dismissed.

Davis's Complaint is entirely related to what he characterizes as a wrongful sentence in his criminal matter, and wrongful denial of motions for compassionate release in that matter. (Doc. 2 at 3.) As support for his allegations of "failure to protect," Davis identifies assaults that have occurred since his incarceration that he claims, "could have been prevented if defendant granted compassionate release or alternative incarceration." (Doc. 2 at 4.) Davis has appealed his conviction. The appeal remains pending, and the case is scheduled for oral argument in April, 2025. *U.S. v. Davis*, Cause. No. 24-1099, 9th Cir. (Doc. 39) (Jan. 19, 2025). As

1

such, any arguments regarding the appropriateness of his sentence stands before the Ninth Circuit and not properly the subject of a civil action against the presiding judge in his criminal case. The matter is dismissed.

This dismissal will count as a strike against Davis within the meaning of 28 U.S.C. § 1915A. Davis was directed not to file additional documents in his recent criminal matter due to his pending appeal. *See U.S. v. Davis*, CR 22-106-BLG-DLC (Doc. 89) (June 3, 2024.) Davis chose to file a civil suit against the presiding judge, while being aware that his appeal is pending, and that judges are immune from such suits, as stated in his Complaint. (Doc. 2 at 5.) In *Heck v. Humphrey,* 512 U.S. 477 (1994), the U.S. Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id* at 486 - 87. Though *Heck* involved a claim under 42 U.S.C. § 1983, and Davis has brought a *Bivens* action, "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). Davis's Complaint is frivolous.

Accordingly, IT IS HEREBY ORDERED:

1.      The Clerk of Court is directed to close this case. All pending motions are DENIED.

2.      The Clerk of Court is directed to have the docket reflect that the filing of this action is a strike against Davis within the meaning of 28 U.S.C. § 1915A. Any appeal would not be taken in good faith.

DATED this 4th day of February, 2025.

_____
Brian Morris, Chief District Judge
United States District Court